598

## McCLELLAND v. BUSEY.

### JOSEPH v. BUSEY.

### Nos. 2502, 2503.

United States District Court,
S. D. Ohio, E. D.

Feb. 11, 1952.

Wright, Harloc, Purpus, Morris & Arnold, Columbus, Ohio, for plaintiffs.

Loren G. Windom, Asst. U. S. Atty., Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

In each of these actions plaintiffs seek to recover alleged overpayments of income tax for the year 1942.

Plaintiffs claim that the alleged over-assessments resulted when the Commissioner of Internal Revenue treated certain fees received by plaintiffs in 1942 as income for that year, rather than allowing the fees to be spread over a period of forty-three months, extending from April 1939 to November 1942, as permitted in Section 107(a) of Title 26 United States Code.

Plaintiffs are associated together as practicing attorneys and were co-counsel in all the legal work which produced the fees

on which the taxes involved herein were paid.

The actions were consolidated for trial by the Court since the issues in both cases are identical.

The Court having heard the evidence and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. A few days prior to April 28, 1939 plaintiffs were employed by Alfred E. Carpenter to investigate the affairs of his cousin, Alfred L. Willson, with the view of bringing a will contest action should Mr. Carpenter be dissatisfied with the terms of the will of Mr. Willson. At that time Mr. Carpenter orally agreed to pay the plaintiffs one-third of any amount recovered in a will contest action, if such action followed.

2. The plaintiffs from April 1939 to April 1941 checked guardianship proceedings of Alfred L. Willson; examined the Alfred Willson Foundation Trust; examined the estate of Mrs. Minnie B. Willson, wife of Alfred L. Willson; conducted legal research concerning the facts developed; investigated transfers of property to Alfred Willson Foundation Trust; interviewed various people as possible witnesses; and attempted to learn the extent of the property of Alfred L. Willson.

3. After the death of Alfred L. Willson on April 3, 1941, Alfred E. Carpenter discovered he was dissatisfied with the terms of Willson's will and authorized the plaintiffs to proceed with the will contest action.

4. During the seven months following the death of Alfred L. Willson, Miss Louise Swisher, Mrs. Mary Stinson, Mrs. Jessie Sears, Kate Willson, and Winifred Nagle, who were all heirs of Alfred L. Willson, signed one-third contingent fee contracts with plaintiffs, which provided that plaintiffs would represent them in the proposed will contest action. During this period plaintiffs continued preparation of the will contest action.

5. Plaintiffs filed an action to contest Alfred L. Willson's will in the Court of

'Common Pleas of Franklin County, Ohio on October 13, 1941.

6. On April 23, 1942 a sum of money was paid for the settlement of this action and the release of all claims of heirs and next of kin.

7. On April 28, 1942 the trustee of the fund recovered for the heirs, paid plaintiffs each $15,000.

8. Between April 28, 1942 and November 15, 1942 plaintiffs filed a petition for determination of heirship and completed a distribution of the settlement fund to the 19 persons determined by the Court to be heirs.

9. On November 13, 1942 each of plaintiffs received an additional and final fee of $254.43.

10. At the time of the distribution of the settlement fund to the heirs, 13 of the heirs who had no previous contract with plaintiffs agreed to the settlement and to the attorney fees paid to the plaintiffs.

11. Each of the plaintiffs in computing his income tax for the year 1942 allocated his total fee of $15,254.43 over a period of 43 months, from April 1939 to November 1942.

12. The Commissioner of Internal Revenue ruled that this total fee of $15,254.43 was income taxable to each plaintiff for the year 1942 and assessed the plaintiffs the following deficiencies:

| | |
|---|---|
| Frank B. McClelland, | $3,275.07 |
| H. Paul Joseph, | $3,107.24 |

13. The assessed deficiencies, with interest from March 15, 1944, were paid by the plaintiffs on October 11, 1948.

14. On November 2, 1948 plaintiffs each filed claims for refund of the assessed deficiencies, with interest from March 15, 1944, the date taxes for the year 1942 were due.

15. Between November 2, 1948 and June 8, 1949 the Commissioner of Internal Revenue neither allowed nor disallowed plaintiffs' claims and on June 8, 1949 plaintiffs instituted these actions for refund.

### Conclusions of Law

1. This Court has jurisdiction of the subject matter and the parties to this action.

2. In 1942 plaintiffs received their entire fee for personal services performed for each heir and next of kin of Alfred L. Willson, which services extended over a period of more than thirty-six months.

3. Each plaintiff is entitled to apply the provisions of Section 107(a), Title 26, United States Code in computing his income tax on this entire fee.

4. Plaintiff Frank B. McClelland is entitled to recover from the defendant the sum of $4,167.95, with interest at the rate of six percent per annum from October 13, 1948.

5. Plaintiff H. Paul Joseph is entitled to recover from the defendant the sum of $3,954.37, with interest at the rate of six percent per annum from October 13, 1948.

Entry accordingly.